# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

July 12, 2022

<u>*Via ECF*</u>
Honorable Vanessa L. Bryant
United States District Court
District of Connecticut
915 Lafayette Boulevart
Bridgeport, CT 06604

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*LIN et al. v NEW CHINA KING ZHENG INC d/b/a New China King et al.*, **20-cv-00687**

Dear Judge Bryant:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I.   Background

Plaintiff MING HUI LIN was employed by Defendants NEW CHINA KING ZHENG INC d/b/a New China King and FANG RONG ZHENG, (collectively, "Defendants"),

This lawsuit was originally filed on May 16, 2020, for violations of the Fair Labor Standards Act and Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) out of pocket expenses to delivery experts on the road, (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost. Plaintiff further alleged pursuant to Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that he is entitled to recover from the Defendants: (1) double unpaid minimum overtime compensation, (2) out of pocket expenses to delivery experts on the road, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.   The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Fifty Thousand Dollars ($150,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one- and one-half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

A. **Plaintiff's Assessment**

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff MING HUI LIN claimed that he worked for Defendants from on or about December 19, 2018 to February 11, 2020, except for a period of time from February 27, 2019 to May 1, 2019, when he did not work. Throughout this time, he worked approximately seventy-two (72) hours on average each week and was paid One Thousand Five Hundred Dollars ($1,500.00) per month.

Plaintiff MING HUI LIN's overtime compensation and tools of the trade shortfall shortfall without liquidated damages under the FLSA was Seventy-Seven Thousand Four Hundred Sixty-Nine Dollars And Seven Cents ($77,469.07) and his overtime compensation and tools of the trade shortfall under the CTMWA was Seventy-Seven Thousand Four Hundred Sixty-Nine Dollars And Seven Cents ($77,469.07). The sum of CMWA shortfall, plus CMWA liquidated damages and prejudgment interest is One Hundred Sixty Two Thousand Three Hundred One and Seventy Cents ($162,301.70).

Hon. Vanessa L. Bryant
Page 3

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of One Hundred Fifty Thousand Dollars ($150,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Four Hundred Twenty-Four Dollars And Seventy-Six Cents ($424.76). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is One Hundred Forty-Nine Thousand Five Hundred Seventy-Five Dollars And Twenty-Four Cents ($149,575.24).

Of the Net Settlement Amount, One Third (1/3), or Forty-Nine Thousand Eight Hundred Fifty-Eight Dollars And Forty-One Cents($49,858.41), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Four Hundred Twenty-Four Dollars And Seventy-Six Cents ($424.76) for a total of Fifty Thousand Two Hundred Eighty-Three Dollars And Seventeen Cents ($50,283.17). Of the Net Settlement Amount, Two Thirds (2/3), or Ninety-Nine Thousand Seven Hundred Sixteen Dollars And Eighty-Three Cents($99,716.83) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

Hon. Vanessa L. Bryant
Page 4

    For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| **TROY LAW PLLC** | **Law Office of Friedrich M. Helisch** |
| --- | --- |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| /s/ John Troy | _____ |
| John Troy, Esq. | Frederich M. Helisch, Esq. |
| 41-25 Kissena Blvd., Suite 103 | 9 Mott Avenue |
| Flushing, NY 11355 | Norwalk, CT 06850 |
| Tel.: 718 762 1324 | Tel: 2038464888 |